SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 09 2022
ARTHUR JOHNSTON
BY ____________ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JESSIE CASTON** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.** 5:22-cv-6-DCB-FKB

**VALMAN MAGNOLIA, LLC D/B/A
MCDONALD'S CORPORATION;
AND JOHN DOES 1-3** **DEFENDANTS**

**COMPLAINT**

**Trial by Jury Requested**

COMES NOW the Plaintiff, Jessie Caston, and files this his Complaint against the Defendants, Valman Magnolia, LLC d/b/a McDonald's Corporation; and John Does 1-3 in support thereof would respectfully show the Court the following facts to-wit.

**PARTIES**

1. Plaintiff, Jessie Caston (hereinafter "Plaintiff") is an adult resident citizen of Pike County, Mississippi.

2. Defendant, Valman Magnolia, LLC d/b/a McDonald's Corporation, (hereinafter as "McDonalds") is a foreign corporation doing business in the State of Mississippi and who may be served with process through its registered agent for process CT Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3. John Does 1-3 are entities and/or individuals, including but not limited to, employees, agents, owners and operators of McDonalds who are liable to Plaintiff and who maintained authority and discretion regarding the maintenance of, control of, or standards for the safety procedures of McDonalds.

## JURISDICTION

4.  This Court holds actual jurisdiction under provisions of 28 U.S.C. § 1332, since this action is a controversy wholly between citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Since the incident occurred in the State of Mississippi, the substantive law of the State of Mississippi shall apply.

## VENUE

5.  This civil action arises out of the negligent acts and omissions of Defendants committed whole or in part in Pike County, Mississippi against a resident of Pike County and of the State of Mississippi. This matter exceeds the amount in controversy of $75,000.00. This Court holds *in personam* jurisdiction over the Defendants pursuant to Mississippi Code § 13-3-57-service on nonresidents, 28 U.S.C. § 1391 and Fed. R. Civ. P. 4.

## FACTS

6.  At all pertinent times, Defendants owned, possessed, controlled, and/or managed the McDonalds located at 1119 Airport Fernwood Road, McComb, MS 39648.

7.  On or about, June 6, 2020, Plaintiff was a guest of the McDonalds located at 1119 Airport Fernwood Road, McComb, MS 39648. Plaintiff was waiting in line to order at McDonalds when the manager, Shuntell Bell, came to the front calling for help due to a customer outside in the drive through line attempting to pull the cashier through the window. Plaintiff turned to walk toward the exit door at the instruction of the McDonald's employees who were asking for help. Plaintiff was moving to help the cashier, he stepped on a floor marker on the floor placed by Defendant to indicate safe standing distances between customers. The floor markers or stickers were placed on the floor by Defendant to distance customers and place them

in specific spots in line. When Plaintiff stepped on the floor marker it slipped out from under his foot causing him to fall on his right shoulder. The Defendants placed no warning signs at the door or on the floor and provided no warning of the unsafe floor conditions to customers caused by the loose floor markers. Defendants did not have this area marked for caution which created an unknown danger to the Plaintiff. Defendants were aware this condition existed, had been previously warned and requested to correct the condition, and took no measures to adequately secure the floor markers, or to warn of the hidden danger.

8. Plaintiff received physical injuries to his right shoulder and other parts of his body due to the negligence of the Defendant.

9. Contributing and/or proximate factors or causes of the injuries of the Plaintiff include, but are not limited to, the Defendant's failure to maintain a safe environment, to maintain their property in a manner which is reasonably safe for public use, reasonable care in hiring and retention of competent and safety-oriented employees. Defendants were negligent in their duties to hire and retain employees, to properly train their employees in the duty to maintain a safe environment for invitees in order to protect those invitees from injuries, including that suffered by Plaintiff.

### NEGLIGENCE OF DEFENDANT VALMAN MAGNOLIA, LLC D/B/A MCDONALD'S CORPORATION

10. Plaintiff adopt by reference the foregoing paragraphs as if fully set forth herein.

11. Contributing and/or proximate factors or causes of the serious injuries of the Plaintiff caused by the negligence of Defendant Valman Magnolia, LLC d/b/a McDonald's Corporation, but are not limited to, the failure to maintain their property in a manner which is reasonably safe for public use; failure to inform guests including Plaintiff of the unsafe area

where he slipped by means of markings and/or caution of any type; failure to hire, supervise and maintain employees to provide proper safety on the property; failure of the property owner to provide adequate instruction and supervision to the floor crew as well as management and employees, and creating and enabling the unsafe conditions of the Valman Magnolia, LLC d/b/a McDonald's Corporation property in general, including the common walk-way areas; allowing the floors to be inadequately safe, maintained, monitoring, cleaned, failure to instruct its employees to check the floor for any faults or dangerous conditions; failure to act to a request and notice to secure the floor markers; failure to follow its policy and procedure regarding cleaning, maintenance and monitoring the floors for defects; failure to secure the floor markers on the floor to prevent falls, failure to follow the general rules and procedures for use of non-slip floor markers as required by Defendant's Franchisor; failure to follow industry standards for maintenance and use of non-slip floor materials; negligence for creating a dangerous condition; strict liability, negligence per se, negligence based upon reasonable foreseeability, and negligence based on assumption of duty. Plaintiff asserts any other act of negligence that may apply and exists but has not been discovered at this time but may be discovered during discovery.

12.     Defendant was negligent in that it did not maintain the floor surface and floor markers in a safe condition, did not properly warn Plaintiff of the unreasonably dangerous condition of the floor created by Defendants and Defendants choice to violate company and industry standards, did not properly inspect the floor for hazardous conditions, or take steps to correct the dangerous condition.

13.     Defendant knew or in the exercise of reasonable care, should have known that

Plaintiff would be subject to accident and injury from the condition of the floor markers. Plaintiff was without notice and unaware of the fact said floor markers were dangerous. Plaintiff used due care for his own safety when on Defendant's property, and in no manner contributed to the accident.

## NEGLIGENCE OF JOHN DOES 1-3

14. Plaintiff adopts by reference the foregoing paragraphs as if fully set forth herein.

15. John Does 1-3 are alleged McDonald's staff, employees, or other owners, managers or operators of McDonald's who may have negligently acted or otherwise been a contributing cause to the injuries of the Plaintiff. John Does 1-3 may have been employed or acting as employees or other staff or owners and on the property at the time the Plaintiff was injured. The John Does 1-3 will be named when and if they are located and found to be party to this cause.

16. At the time of the serious injuries of the Plaintiff, all Defendants had failed to fulfill their joint, several, and/or collective duties of providing ordinary, reasonable maintenance and supervision of its floors and following company and industry floor safety standards of the Pilot property and to take other such reasonable precautions or measures to protect invitees from foreseeable harm and danger, including the harm suffered by Plaintiff.

## DAMAGES

17. As a direct and proximate result of the above and foregoing acts and omissions on the part of the Defendants, and without any negligence of the Plaintiff, he received injuries to his entire body including, but not limited to his right shoulder, other body parts, and emotional trauma. Plaintiff has incurred medical bills and is currently treating with physicians and is

5

expected to continue to require future medical treatment for his injuries. Plaintiff has also suffered severe emotional, mental and physical pain and suffering from this incident. Plaintiff reasonably anticipates future damages, proximately caused by said negligence of Defendants, including future medical expenses, future pain, suffering and mental anguish, permanent physical impairment, permanent disfigurement, future travel expenses and other damages.

## CLAIMS FOR RELIEF

18. Plaintiff adopts and incorporates by reference the foregoing paragraphs.

19. Defendants, individually, jointly and severally, owed to the Plaintiff an ordinary duty of care. Defendants breached said duty owed to the Plaintiff and were negligent by failing to reasonably inspect, monitor and make safe the premises from the foreseeable harm suffered by the Plaintiff, including the failure to properly maintain and perform upkeep of the floors on the Valman Magnolia, LLC d/b/a McDonald's Corporation property, including the common walkway areas.

20. As a result and proximate consequence of the Defendants' negligence, breach of their duty of care, the Plaintiff suffers physical pain and injuries, ongoing chronic pain, as well as, emotional pain and suffering and can reasonably be expected to incur further physical and emotional pain and suffering in the future. Plaintiff, therefore, is entitled to all damages of every type and variety that are permitted by law, including, but not limited to, past, present and future physical and mental pain and suffering, past, present and future medical expenses, and lost wages. Plaintiff is further entitled to other general damages as well as punitive damages.

WHEREFORE PREMISES CONSIDERED, the Plaintiff demands a trial by jury and judgment from Defendants Valman Magnolia, LLC d/b/a McDonald's Corporation and John

Does 1-3 jointly and severally for actual, compensatory, consequential and incidental damages in an amount exceeding the jurisdictional minimal limits of this Court for compensatory damages and for punitive damages including all expenses and costs of this civil action, and such other general relief as the Court and the jury deem just.

This the 9th day of February, 2022.

Respectfully Submitted,

JESSIE CASTON

By: *J. Ashley Ogden*
J. ASHLEY OGDEN

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
ashleyogden@aol.com
JAMES W. SMITH, JR., ESQ. (MSB #7534)
jim@ogdenlawms.com
OGDEN & ASSOCIATES, PLLC.
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF