IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JESSIE CASTON                                        PLAINTIFF


vs.                    CIVIL ACTION NO. 5:22-cv-00006-DCB-FKB


VALMAN MAGNOLIA, LLC D/B/A                         DEFENDANTS
MCDONALD'S CORPORATION; AND JOHN DOES 1-3


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Valman Magnolia, LLC d/b/a/ McDonald's Corporation ("Defendant")'s Motion for Partial Summary Judgment as to Plaintiff's Claim for Punitive Damages.  [ECF No. 35].  Plaintiff Jessie Caston ("Plaintiff") opposes the Motion.  [ECF Nos. 42 & 43].  Having reviewed the parties' submissions, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds that Defendant's Motion should be GRANTED.

## Background

This is a slip and fall case.  On or about June 6, 2020, Plaintiff was a guest of Defendant's restaurant in McComb, Mississippi.  [ECF No. 1] ¶ 7.  While Plaintiff, a police officer, was waiting to purchase lunch, the store manager asked

1

Plaintiff for help with a situation in the drive through line.
Id.; [ECF No. 43] ¶ 1.  The store had placed round decals on the
floor to indicate where people should stand during the COVID
pandemic.  Id.  When Plaintiff turned to provide help, he
stepped on a floor decal, and it slipped out from under his
foot.  Id.  Plaintiff fell and injured his right shoulder and
other parts of his body.  [ECF No. 1] ¶¶ 7 & 8.  Defendant has
admitted liability for simple negligence.  [ECF No. 36] at 1;
see also Stipulation of Liability, [ECF No. 34].

## Summary Judgment Standard

Summary judgment is appropriate, pursuant to Rule 56 of the
Federal Rules of Civil Procedure, "if the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a).  An issue of material fact is genuine if a reasonable
jury could return a verdict for the non-movant.  Anderson v.
Liberty Lobby, 477 U.S. 242, 248 (1986).  "Factual disputes that
are irrelevant or unnecessary will not be counted."  Id.  A
party cannot defeat a properly-supported summary judgment motion
by directing the Court to conclusory allegations or presenting
only a scintilla of evidence.  Lincoln v. Scott, 887 F.3d 190,
195 (5th Cir. 2018).

The evidence must be reviewed in a light most favorable to the nonmoving party.  Vann v. City of Southaven, Miss., 884 F.3d 307, 309 (5th Cir. 2018); Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P., 627 F.3d 134, 138 (5th Cir. 2010).  The Court neither assesses credibility nor weighs evidence at the summary-judgment stage.  Wells v. Minnesota Life Ins. Co., 885 F.3d 885, 889 (5th Cir. 2018).  Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## Discussion

Plaintiff's argument in favor of punitive damages is twofold.  First, relying on the Mississippi Supreme Court's decision in Bradfield v. Schwartz, 936 So.2d 931 (Miss. 2006), Plaintiff seeks to block the Court from considering punitive damages on summary judgment and argues that "[p]unitive damages should not be summarily dismissed at the summary judgment stage."  [ECF No. 43] ¶ 9.  Plaintiff further argues that "Defendant's pre-trial motion for partial summary judgment as to punitive damages is premature at this point as no evidence has been presented at trial."  Id. at ¶ 12.  Essentially, Plaintiff

maintains that, under Bradfield and substantive Mississippi law,

this Court is required to hold an evidentiary hearing at trial

regarding punitive damages and "it would be reversible error to

dismiss the punitive damages claim at this stage."  Id. at ¶ 15.

This same line of argument has been considered and rejected by

other courts in our district.  Williams v. N. Hill Square

Apartments, No. Civil Action No. 3:08-CV-672-DPJ-JCS, 2009 WL

3805520, at *2 (S.D. Miss. Nov. 6, 2009) ("Bradfield does not

address summary judgment, and the Court does not read it as

abrogating the normal function of Rule 56(c)."); Francois v.

Colonial Freight Sys., Inc., No. Civil Action No. 306-CV-434-

WHB-LRA, 2007 WL 4459073, at *3 (S.D. Miss. Dec. 14, 2007)("[T]he

Court finds that the decision in Bradfield does not bar a court

from considering the issue of punitive damages at the summary

judgment stage."); Barnett v. Skelton Truck Lines, Ltd., Civil

Action No. 2:05-cv-2047-KS-JMR, 2006 WL 2056632, at *4 (S.D.

Miss. Jul. 21, 2006) ("There is no language in [Bradfield] which

negates the use of summary judgment to test the plaintiff's

evidence.").  This Court agrees with and adopts the analyses in

these prior cases and finds that Defendant's Motion for Partial

Summary Judgment on punitive damages is not premature.  Id.; see

also Miller v. R.B. Wall Oil Co., Inc., 970 So.2d 127, 133

(Miss.2007) (post-Bradfield decision in which the Mississippi

Supreme Court affirmed the trial court's entry of summary

judgment on the issue of punitive damages).  Having determined

that it is not precluded at this time from deciding the merits

of Plaintiff's punitive claim, the Court will proceed to

consider whether Plaintiff has shown that an issue of fact

exists regarding the alleged malicious conduct.

In Mississippi, punitive damages are an extraordinary

remedy, awarded only in extreme cases.  E.g., Gamble ex rel.

Gamble v. Dollar General Corp. 852 So.2d 5, 15 (Miss. 2003)

(citations omitted); Gardner v. Jones, 464 So.2d 1144, 1148-49

(Miss. 1985).  "Ordinarily, slip and fall cases do not provide

the requisite evidentiary basis for a grant of punitive

damages." Spriggins v. Magnolia Hill, LLC, No. 3:14-CV-132-HTW-

LRA, 2016 WL 4183960, at *5 (S.D. Miss. Feb. 10, 2016).  To

receive an award of punitive damages, the plaintiff must

demonstrate that the premises owner's actions were colored by

malice, or willful, wanton, or reckless disregard for the safety

of others.  Miller v. R.B. Wall Oil Co., 970 So.2d 127, 133

(Miss. 2007).  Miss. Code Ann § 11-1-65(1)(a) sets out the

requirements for a punitive damages award:

> (1) In any action in which punitive damages are
> sought:
>
> (a) Punitive damages may not be awarded if the
> claimant does not prove by clear and convincing
> evidence that the defendant against whom punitive
> damages are sought acted with actual malice, gross
> negligence which evidences a willful, wanton or

> reckless disregard for the safety of others, or
> committed actual fraud.

Miss. Code. Ann. § 11-1-65 (West).  Simple negligence is

insufficient to warrant a punitive damages instruction.  See,

Boling v. A-1 Detective and Patrol Serv. Inc., 659 So.2d 586,

589 (Miss. 1995).

On the present record, the Court concludes that Plaintiff

has failed to assert facts that rise to the level of an award of

punitive damages.  There has been no showing of malice, gross

neglect, or reckless disregard.  Defendant placed the decals on

its floor to promote social distancing in response to the

ongoing COVID-19 pandemic.  This act does not evidence a

willful, wanton, or reckless disregard for the safety of others.

To the contrary, it demonstrates an effort made to help deter

the spread of COVID-19 and protect the safety of others.

Plaintiff has presented the Court with little more than

conclusory allegations regarding Defendant's failure to maintain

its property in a reasonably safe condition, failure to warn of

a dangerous condition, and failure to correct a dangerous

condition.  This is insufficient to show a disputed issue of

fact regarding malicious conduct that can survive summary

judgment.

Accordingly,

6

IT IS HEREBY ORDERED and ADJUDGED that Defendant's Motion for Partial Summary Judgment as to Plaintiff's Claim for Punitive Damages [ECF No. 35] is GRANTED.

SO ORDERED this the 12th day of July 2023.

    /s/ David Bramlette
UNITED STATES DISTRICT JUDGE